[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Professional Ventures, Inc. and William Rund, bring this action by way of an amended complaint in seven counts against the defendants, Michael's Restorations, Inc. and Michael Melillo, for breach of contract, inter alia.
The plaintiffs allege that all four named parties entered into a contract, dated April 21, 1997, wherein the plaintiffs, or one of them, was to perform recaulking services for the defendants, or one of them, for the price of Thirty Three Thousand Dollars ($33,000).
The plaintiffs further allege that the services and materials set out in the contract were provided and completed by the plaintiffs within the time period set out in the contract and that the full price of Thirty Three Thousand Dollars ($33,000) is due and owing to the plaintiffs from the defendants, or one of them.
The defendant, Michael Melillo (Melillo), contends that the contract executed by the plaintiffs was with the defendant, Michael's Restorations, Inc. (Michael's), not with Melillo individually, and that he is not a party to that contract and thus is not liable to the plaintiffs under that contract.
The only issue presented to the court is whether the defendant, Michael Melillo, is liable to the plaintiffs under the April 21, 1997 contract, or under the other counts of the complaint, as amended. CT Page 13971
The form and terms of the contract are not at issue between the parties. What is at issue is the interpretation to be given to the contract signature line executed by Michael Melillo. The space was blank above the line and had printed below the line "Michael's Restorations, Inc."/Michael Melillo". In the blank space above this printing was written the signature of Michael Melillo with the word Michael above the printed Michael's Restorations, Inc., and the word Melillo above the printed words Michael Melillo. Further in the space to the right was written President 4/22/97. The defendant contends that his signature and title were intended only for the corporate purposes and not for his individual participation in this contract.
The plaintiffs, however, point out that Melillo's intent to act for the corporation and as an individual was indicated by both parties' actions during prior negotiations as well as in the wording in the contract wherein all the parties and the conditions to the contract were set out. The plaintiffs note that both William Rund and Michael Melillo had set up corporations by which they carried out their work; that the president of Rund's corporation, Professional Ventures, Inc., was his wife and that he, Rund, held no office in the corporation, but was the only employee and did all the negotiations for the corporation. Thus, he signed the contract in his individual capacity as indicated in the contract. The plaintiffs note that Melillo also was executing the contract in the same manner and capacities, but since he was president of his corporation, Michael's Restoration, Inc., his signature represented him in both capacities, as president of his corporation and as an individual.
To further support the plaintiff's contentions that the contracting parties included not only the corporations, but also the individuals who owned and controlled the corporations, they point out that the contract was drafted by the defendants' employee under the direction of Melillo; that the contract's heading recites the following:
 Contract Agreement between Michael's Restoration, Inc. Michael Melillo CT Page 13972 and Professional Ventures, Inc. William Rund;
that the contract signature lines were drafted in such a way as to require the execution of the contract by all four of the parties listed in the heading; that Michael Melillo, in signing above the corporate name and his individual name, was executing the contract in his capacity as president and as an individual to correspond with the contract heading.
The court notes that an ambiguity is raised as to the intent of Melillo in signing the contract as to whether it was limited to his capacity as president of his corporation or in both his corporate capacity and his individual capacity. It can be, as he argues, that he limited his contractual agreement to that of his corporation when he indicated he was president; that if he intended to become individually involved he would have so indicated. On the other hand, if he was intending to limit his signature to that as president, he could have stricken his printed individual name from below the signature line, or he could have written "in corporate capacity only" or words to that effect; further, he also could have crossed out his name in the heading. He made no attempt to indicate he was limiting his signature to his corporate capacity. He also was aware that the plaintiff, Rund, executed the contract in his individual capacity as well as by his corporation as indicated in the contract; and that he would assume that he, Michael Melillo, also was executing the contract in behalf of his corporation and in his individual capacity, as set out in the contract.
Therefore, whereas here the contract is ambiguous as to the intent of the defendant, Melillo, in executing the contract; and whereas the signature can be read to include his intent to participate in the contract in his corporate and individual capacities, the court construes his intent to execute the contract as drafted under his direction, i.e., to correspond to the contract heading and the signature line identification of the signers.
Thus, the court finds that Michael Melillo signed the contract in both capacities, as corporate president and as an CT Page 13973 individual.
Therefore, the court finds for the plaintiffs as to Count One of the complaint and against both defendants.
The court notes that a default previously has been entered against the defendant, Michael's Restoration, Inc., for failure to plead; further, that it failed to participate in any way to defend itself at the trial.
Further, the court finds that, under the contract, the defendants breached their obligation to pay to the plaintiffs the sum of Thirty Three Thousand Dollars ($33,000), and that sum is due and owing to the plaintiffs by the defendants.
The court also finds that, as to the remaining counts of the amended complaint, the issues raised in those counts are not material to the Judgment.
Therefore, Judgment may enter for the plaintiffs on Count One in the sum of Thirty Three Thousand Dollars ($33,000), together with court costs.
KREMSKI, J.T.R.